WILLIAM LITTERER, Surviving Partner, etc., v. W. W. BERRY, Trustee.

4L 193
10L 28

1. RENTS. *On mortgaged property.* Rents accruing upon property conveyed to a trustee for the benefit of creditors, between the execution of the deed and sale, in the absence of a contrary disposition, are the property of the conveyor.

2. SAME. *Set off.* If, however, past due rents are conveyed which were subject to set off by a debtor in a suit by the conveyor, they will be subject to the same set off when demanded by the trustee.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson County. N. BAXTER, J.

THOS. L. DODD and M. M. BRIEN, Jr. for Litterer.

DEMOSS & MALONE, for Berry.

TURNEY, J., delivered the opinion of the Court.

A. L. Davis, being indebted to W. W. Berry and others, on the 31st of December, 1869, made to Berry, as trustee, a deed of trust to twelve-sixteenths of a house and lot in the city of Nashville, with the provision that " W. W. Berry, as trustee, may, at any time he shall see proper, sell said land for cash, or on credit, on thirty days'

notice, and apply the proceeds to the payment of the notes aforesaid or to the indemnity of the en-- dorsers aforesaid," etc.

On the 4th of February, 1871, A. L. Davis made another deed in trust, by which he directed Berry, trustee, to take possession of the real estate conveyed in the first, rent it out, collect. the rents, and collect any past rents that may be due on the same, that Davis may be entitled to, and apply the rents or hold them just as he holds the *corpus* of the property.

At the time of and before the making of these deeds, Davis was indebted to Litterer & Cabler, by judgment, in a large amount, and Litterer & Cabler were indebted to him by a considerable amount for rent of the property, and had, as it seems, contracted to rent it for the year 1871, before the making of the deed of February 4th of that year, and were claiming to off-set their judgment by the rents, of which the trustee had notice. In fact, it seems the second deed was taken by the trustee because of the claim of set-off by Litterer & Cabler.

A deed of trust, with a provision that the trustee may, whenever he shall see proper, sell the land and apply the proceeds to the payment of .debts, does not give to the trustee, as of course,. the right of immediate possession. He is only entitled to the possession when he shall see proper to sell under the terms of the deed. The rents accruing between the execution of the deed and

sale, in the absence of a contrary disposition, are the property of the conveyor.

The second deed authorizes the collection of past due and future rents, gives to the trustee just such right as his vendor had, and no greater. If the rents were subject to set-off by a debtor in a demand at the suit of the vendor, they will be subject to the same set-off when demanded by the trustee.

If at the time of the execution of the second deed there had already been made a contract of renting for the year 1871, between Davis, the owner, and Litterer & Cabler, the trustee would not be entitled to the possession of the property until the expiration of the time for which it had been rented, and the rent contracted to be paid to Davis would be subject to set-off by Litterer & Cabler by the amount due to them from Davis.

In *Gatewood* v. *Denton*, 3 Head, 381, Judge McKinney says, construing sec. 2918-4 of the Code, " The provision, it seems to us, embraces the present case. At the time of the assignment of the note to the plaintiff the defendant had a well founded right of action against the assignor for an amount larger than the sum due upon the note, for money paid as his security, which he might have recovered by action of debt, or assumpsit, or by motion. The right thus existing had, in the language of the section just quoted, attached itself to the note before its transfer to the plaintiff, or, in other words, the right of set-off or cross action

was fixed and complete in the defendant previous to and at the time of the assignment of the note, and could not have been resisted by the original party, the assignor. And this is all that is requisite to entitle the defendant to a set-off against the plaintiff, who, by taking the note after it was due, holds it subject to every equitable defense that might be set up against the payee."

This holding was approved by this Court in *Catron, admr.*, v. *Cross*, 3 Heis., 587, and is conclusive of this case.

Reverse the judgment.